## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PIZZA INN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00164-PRW |
| | ) | |
| ALLEN'S DYNAMIC FOOD, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court are Plaintiff Pizza Inn, Inc.'s Motion for Default Judgment against Defendant Allen's Dynamic Food, Inc. ("Allen's Dynamic Food") (Dkt. 89), Motion for Default Judgment against Defendant Pizza Inn Express, LLC ("Pizza Inn Express") (Dkt. 90), and Motion for Default Judgment against Defendant Saba Mnaizel (Dkt. 91), all pursuant to Fed. R. Civ. P. 55(a).[1] Plaintiff filed its Amended Complaint (Dkt. 51) on December 5, 2023. Defendants Pizza Inn Express and Saba Mnaizel have not filed an answer or any other responsive pleading. Defendant Allen's Dynamic Food filed an answer to Plaintiff's initial complaint, but on April 2, 2024, the Court granted counsel for Allen's Dynamic Food's Motion to Withdraw (Dkt. 70) and stated that Allen's Dynamic Food would be subject to entry of a default judgment if it failed to obtain substitute counsel by

---

[1] The Court refers to these Defendants collectively as "Defendants". This Order does not affect Defendant Fawzi Allen Odetallah.

May 2, 2024. To date, Allen's Dynamic Food has not obtained substitute counsel. On May 21, 2024, Plaintiff moved the Court Clerk to enter default against these Defendants (Dkts. 80, 81, 81), which the Court Clerk did on May 22, 2024 (Dkts. 86, 87, 88). For the reasons given below, the Court **GRANTS** in part and **DENIES** in part the Motions for Default Judgment (Dkts. 89, 90, 91).

## *Background*

Because Defendants have failed to defend or otherwise respond to this action and default has been entered, the following factual allegations contained in Plaintiff's Complaint are taken as true.[2] On April 13, 2022, Plaintiff rightfully terminated the franchise agreement governing Allen Odetallah's operation of the Pizza Inn restaurant located in Ponca City, Oklahoma. That same day, Plaintiff rightfully terminated the franchise agreement governing Mr. Odetallah and Allen's Dynamic Food's operation of the Pizza Inn Restaurant located in McAlester, Oklahoma. However, Saba Mnaizel,[3] and Pizza Inn Express continued to operate the Ponca City and McAlester Restaurants under the name "Pizza Inn" until the Court entered an Injunction (Dkt. 19) on April 19, 2023, prohibiting Mr. Odetallah and Allen's Dynamic Foods from operating the Ponca City and

---

[2] "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

[3] In or around 2015, Mr. Mnaizel began operating both the Ponca City and McAlester Restaurants individually and through Pizza Inn Express. Neither Mr. Mnaizel nor Pizza Inn Express were ever Pizza Inn franchisees and were never authorized to use Pizza Inn's trademarks.

McAlester Restaurants, using Pizza Inn's trademarks in connection with the restaurant, and selling pizza or Pizza Inn menu items at either restaurant.

At some point after the Court entered the injunction, Mr. Mnaizel and Pizza Inn Express converted the Ponca City and McAlester Restaurants names to "Inn and Out Pizza." Mr. Mnaizel and Pizza Inn Express continued to operate the Ponca City Restaurant until it permanently closed on November 14, 2023. Similarly, Allen's Dynamic Food, Mr. Mnaizel, and Pizza Inn Express continued to operate the McAlester Restaurant until it permanently closed on October 28, 2023.

### *Legal Standard*

As already discussed, the Court Clerk has entered defaults against Defendants pursuant to Federal Rule of Civil Procedure 55(a). Those defaults "concede[] the truth of the allegations of the Complaint regarding Defendants' liability under all counts brought against them."[4] However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."[5] The rule of concession "does not extend . . . to allegations about the amount of damages."[6] Furthermore, the Court must assure itself that it has subject matter and personal jurisdiction before entering default judgment. The Court must also determine

---

[4] *All. Laundry Sys. LLC v. Cowboy Laundry of Oklahoma Inc.*, No. CIV-20-136-PRW, 2020 U.S. Dist. LEXIS 195093, 2020 WL 6136785, at *2 (W.D. Okla. June 23, 2020).

[5] 2020 U.S. Dist. LEXIS 195093, [WL] at *2 (quoting *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)).

[6] *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1154 (D. Kan. 2018).

if Plaintiff's allegations constitute legitimate causes of action and, if so, to ascertain the amount of damages to which Plaintiff is entitled.

A default judgment can be entered without a hearing if the amount of damages can be ascertained.[7] That is, sworn affidavits and supporting documentation may support an award of damages.[8] Because damages for Plaintiff's claims are capable of mathematical calculation, and Plaintiff has provided affidavits and supporting documentation, an evidentiary hearing is not necessary.

### *Discussion*

As relevant here, Plaintiff asserts a breach-of-contract claim and a trademark-infringement claim against Allen's Dynamic Food regarding the McAlester Restaurant. Plaintiff also asserts trademark-infringement claims against Mr. Mnaizel and Pizza Inn Express regarding both the Ponca City and McAlester Restaurants. The Court first considers personal and subject matter jurisdiction, before determining the adequacy of Plaintiff's breach-of-contract and trademark-infringement claims. The Court then assesses Plaintiff's requested damages.

I.   *Jurisdiction*

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[9] First, the Court has subject matter jurisdiction

---

[7] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011).

[8] Fed. R. Civ. P. 55(a)(1).

[9] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

under 28 U.S.C. § 1331, federal question jurisdiction, because Plaintiff's Amended Complaint alleges violations of federal trademark statutes. The Court has supplemental jurisdiction over Plaintiff's related Oklahoma common law breach-of-contract claim under 28 U.S.C. § 1367. Accordingly, the Court is satisfied that it has subject-matter jurisdiction over this case.

Next, Plaintiff bears the burden of establishing personal jurisdiction over Defendants.[10] However, Plaintiff "need only make a prima facie showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials."[11] The Court will accept the well-pled allegations of the Amended Complaint as true in determining whether Plaintiff has made a prima facie showing that personal jurisdiction exists.[12] To analyze personal jurisdiction in federal court, a court must determine (1) the adequacy of the service, including "whether any applicable statute authorizes the service of process on defendants" and (2) "whether the exercise of such statutory jurisdiction comports with constitutional due process demands."[13]

Under Federal Rule of Civil Procedure 4(c) and (e), an individual is served when a person who is at least 18 years old and not a party delivers a copy of the summons and the

---

[10] *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).

[11] *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

[12] *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).

[13] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

complaint to the individual personally.[14] Here, an individual over the age of eighteen personally served Mr. Mnaizel with a copy of the Amended Complaint and summons on December 13, 2023.[15] Because Mr. Mnaizel resides in the Western District of Oklahoma and he was properly served in accordance with Rule 4, the Court has personal jurisdiction over him.

Next, Fed. R. Civ. P. 4(h) governs service on a domestic or foreign corporation or partnership. Courts have applied Rule 4(h) to limited liability companies as well.[16] Rule 4(h)(1)(B) allows for service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"[17] Moreover, corporations and LLCs are subject to general personal jurisdiction in their state of incorporation and the state in which they maintain their principal place of business.[18] Again, an individual over the age of eighteen served a copy of the summons and complaint on Allen's Dynamic Food through the

---

[14] Fed. R. Civ. P. 4(c), (e).

[15] Aff. of Service (Dkt. 54).

[16] *Warming Trends, LLC v. Flame Designz, LLC*, No. 22-cv-00252-PAB-STV, 2023 U.S. Dist. LEXIS 7764, 2023 WL 196288, at *3 (D. Colo. Jan. 17, 2023) (collecting cases).

[17] Fed. R. Civ. P. 4(h)(1)(b).

[18] *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (for corporations, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction.") (citation, alterations, and quotation marks omitted); *Bliss v. Change Healthcare Operations LLC*, 2021 U.S. Dist. LEXIS 33412, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) (collecting cases and finding that "[c]ourts have held that *Daimler* applies with equal force to limited liability companies.").

corporation's registered agent, Allen Odetallah,[19] and served a copy of the summons and Amended Complaint on Pizza Inn Express through the LLC's registered agent, Mr. Mnaizel.[20] Plaintiff also alleges that Allen's Dynamic Food is incorporated in Oklahoma and that Pizza Inn Express is an Oklahoma limited liability company. Accordingly, the Court has personal jurisdiction over Allen's Dynamic Food and Pizza Inn Express.

## II.    Adequacy of Claims

### A.    Breach of Contract

As a preliminary matter, the Court applies Texas law to Plaintiff's breach-of-contract claim. The Court has jurisdiction based on 28 U.S.C. § 1332, so the Court applies the forum state's choice-of-law rules.  Under the law of the forum state, Oklahoma, "a contract will be governed by the laws of the state where the contract was entered into unless otherwise agreed and unless contrary to the law or public policy of the state where enforcement of the contract is sought."  Because the parties agreed to be governed by the laws of Texas, the Court must determine whether the application of Texas law would violate the law or public policy of Oklahoma.  The Court concludes that it does not.

In Texas, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  Reviewing the record, Plaintiff has established the existence of a

---

[19] Aff. of Service (Dkt. 7).

[20] Aff. of Service (Dkt. 53).

valid contract, the McAlester Franchise Agreement between Plaintiff and Allen's Dynamic Food. Plaintiff has also established that it tendered performance, namely by granting Allen's Dynamic Food a license to operate the McAlester Restaurant as a Pizza Inn, and that Allen's Dynamic Food breached that contract by continuing to operate the restaurant after Plaintiff terminated the contract and by failing to pay Plaintiff all past-due royalties and supplier incentives. Accordingly, Plaintiff has stated a basis for its breach-of-contract claim, and default judgment should be entered against Allen's Dynamic Food as to this claim.

### B.  Trademark Infringement

Trademark infringement exists when any person, without the consent of the trademark's registrant, uses or intends to use "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."[21]  To prevail on a trademark-infringement claim, a plaintiff must show "(1) that the plaintiff has a protectable interest in the mark; (2) that the defendant has used an identical or similar mark in commerce; and (3) that the defendant's use is likely to confuse customers."[22]

---

[21] 15 U.S.C. § 1114(1)(a).

[22] *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013) (citation and quotation marks omitted).

First, Plaintiff has a protectable interest in the Pizza Inn trademarks since they are registered and therefore presumptively valid.[23] Next, Plaintiff alleges that Mr. Mnaizel and Pizza Inn Express used an identical mark in connection with the Ponca City Restaurant and that Mr. Mnaizel, Pizza Inn Express, and Allen's Dynamic Food used an identical mark in connection with the McAlester Restaurant. In support, Plaintiff submitted an affidavit from Mike Burns, the Executive Vice President and Chief Operating Officer of Rave Restaurant Group, Inc., Plaintiff's parent company. Burns's affidavit states that he called the Ponca City and McAlester Restaurants on February 8, 2023, and both individuals who answered his calls stated, "Pizza Inn." Burns states that he then ordered Pizza Inn menu items from both restaurants.

Because Plaintiff alleges that Mr. Mnaizel operated the Ponca City and McAlester Restaurants individually and through Pizza Inn Express after Plaintiff terminated the franchise agreements, Plaintiff has established that Mr. Mnaizel and Pizza Inn Express used an identical mark in commerce connection with both restaurants. And because Plaintiff alleges that Allen's Dynamic Food also continued to operate the McAlester Restaurant after Plaintiff terminated the franchise agreement, Plaintiff has established that Allen's Dynamic Food used an identical mark in commerce connection with the McAlester Restaurant.

---

[23] *See Tapestry, Inc. v. Hannstar Trading Co.*, No. 23-cv-01049-NYW-KAS, 2023 WL 8600714, 2023 U.S. Dist. LEXIS 221210, at *9 (D. Colo. Dec. 12, 2023) (citing *Educ. Dev. Corp. v. Econ. Co.*, 562 F.2d 26, 28 (10th Cir. 1977)).

Finally, Defendants' use of Plaintiff's trademarks was likely to confuse customers since the Ponca City and McAlester Restaurants were operated as if they were Pizza Inn-branded restaurants authorized to use Pizza Inn's trademarks. Accordingly, Plaintiff has stated a basis for its trademark-infringement claims, and default judgment should be entered against Defendants as to these claims.

However, the Court takes issue with the duration of the trademark infringement. Regarding the McAlester Restaurant, Plaintiff argues that the trademark infringement lasted from April 13, 2022, the date Plaintiff terminated the franchise agreements, until October 28, 2023, the date the restaurant permanently closed. However, Plaintiff also alleges that at some point after the Court entered an injunction prohibiting Mr. Odetallah and Allen's Dynamic Foods from operating the McAlester and Ponca City Restaurants, Mr. Odetallah, Mr. Mnaizel, and Pizza Inn Express converted the McAlester Restaurant to a restaurant by the name of "Inn and Out Pizza."

According to Plaintiff, Defendants made no changes to the restaurant other than the changed name and signage. But according to Max Odetallah, whose deposition transcript Plaintiff attached to its Motions for Default Judgment, the McAlester Restaurant stopped using "[e]verything that said Pizza Inn," including the Pizza Inn menu and napkin holders, when the restaurant temporarily closed on May 8, 2023, to transition away from a Pizza Inn.[24] Aside from alleging that "Inn and Out Pizza" is a confusingly similar name to "Pizza

---

[24] Pl.'s Mot. (Dkt. 89, Ex. 3) at 87:6–13 ("Q: What changes occurred to the restaurant once it became Inn and Out Pizza? A: First we moved everything that [said] Pizza Inn. We're not allowed to do that because I knew that. So [Mr. Mnaizel] came and checked everything.

Inn," Plaintiff offers no evidence that the McAlester Restaurant continued infringing on any Pizza Inn trademark after May 8, 2023. Furthermore, "Inn and Out Pizza" and "Pizza Inn" are not sufficiently similar to constitute trademark infringement.[25] Accordingly, the Court finds that Defendants' trademark infringement regarding the McAlester Restaurant ended on May 8, 2023, rather than October 28, 2023.

Similarly, Plaintiff argues that the Ponca City Restaurant's trademark infringement lasted from April 13, 2022, until November 14, 2023, when Plaintiff estimates the restaurant permanently closed. But unlike the McAlester Restaurant, there is no evidence that the Ponca City Restaurant removed everything that said "Pizza Inn" after it became "Inn and Out Pizza". Therefore, the Court accepts Plaintiff's allegations as true and finds that the Ponca City Restaurant continued to infringe on Plaintiff's trademarks until November 14, 2023.

III.    *Damages*

   A. *Breach-of-Contract Damages*

Plaintiff asserts that it sustained damages in the amount of $26,388.37 from Allen's Dynamic Food's breach of the McAlester Franchise Agreement. In support, Plaintiff relies on Allen Odetallah's sales and profits projections, which estimated that the McAlester Restaurant would generate $299,816.00 in sales in 2022 and $283,145.00 in sales in 2023.

---

Everything that said Pizza Inn, menu. Pictures up on the wall, you know, the big pictures, all that is taken out, napkin holders that say Pizza Inn.").

[25] *See Blocker v. Google Nest*, No. 3:20-cv-00547-AC, 2020 U.S. Dist. LEXIS 158621, at *9 (D. Or. June 26, 2020) ("The terms 'NestCoast' and 'Google Nest' are not sufficiently similar standing alone to support a claim for trademark infringement.").

Plaintiff requests damages from Allen's Dynamic Food's operation of the restaurant from April 13, 2022—the date Plaintiff terminated the franchise agreement—until May 8, 2023, the date the McAlester Restaurant temporarily closed and ceased operating as a Pizza Inn.

Using Mr. Odetallah's sales and profits projections, Plaintiff calculates that the McAlester Restaurant earned $213,330.53 in sales from April 13, 2022, to the end of 2022, and earned $103,456.71 in sales from January 1, 2023, to May 8, 2023.[26] Plaintiff asserts it would have received 8.33% of these sales figures from royalty fees and supplier rebates, meaning Plaintiff would have received $17,770.43 in 2022 and $8,617.94 in 2023, for a total of $26,388.37.

Plaintiff's math is incorrect. Plaintiff states that the period from January 1, 2023, to May 8, 2023, is nineteen weeks, and therefore multiplies nineteen by the restaurant's average weekly sales in 2023 to calculate that the restaurant earned $103,456.71 in sales from January 1, 2023, to May 8, 2023. However, the period between January 1, 2023, and May 8, 2023, is eighteen weeks and one day or 18.14 weeks.[27] Multiplying 18.14 by the restaurant's average weekly sales in 2023 yields $98,773.93, and 8.33% of that amount is $8,227.87. In other words, Mr. Odetallah's sales and profits projections indicate that Plaintiff is entitled to $8,227.87 for the period between January 1, 2023, to May 8, 2023,

---

[26] Plaintiff arrives at these amounts by dividing the annual expected sales totals by 52 to calculate the restaurant's average weekly sales. Plaintiff then multiplies the average weekly sales figures by the number of weeks Allen's Dynamic Food operated the restaurant in either year.

[27] This is not including May 8, 2023, the day the restaurant closed, since the restaurant presumably did not make any sales that day.

rather than $8,617.94 as Plaintiff calculated. Because Plaintiff has otherwise ascertained its damages with a reasonable degree of certainty, Plaintiff is entitled to $25,998.30 in damages for its breach-of-contract claim against Allen's Dynamic Food.

### B. Trademark-Infringement Damages

Plaintiff asserts that it is entitled to disgorgement of profits in the amount of $110,085.03 on its trademark-infringement claim against Mr. Mnaizel and Pizza Inn Express regarding the Ponca City Restaurant, and $76,070.10 on its trademark-infringement claim against Mr. Mnaizel and Pizza Inn Express regarding the McAlester Restaurant. Plaintiff requests only $53,854.02 on its trademark-infringement claim against Allen's Dynamic Foods regarding the McAlester Restaurant.

When a trademark violation has been established, plaintiffs are entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."[28] To recover disgorgement of profits under the Lanham Act, "plaintiffs must show either actual damages or willful action on the part of the defendant."[29] Before awarding disgorgement of profits as a remedy for trademark infringement, a court must "weigh the equities to fashion a remedy that matches the harm."[30]

Weighing the equities of this case, the Court concludes that a disgorgement of profits is warranted. Not only did Defendants continue operating the Ponca City and McAlester Restaurants after Plaintiff terminated the franchise agreements on April 13,

---

[28] 15 U.S.C. § 1117(a).

[29] *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1161 (10th Cir. 2013).

[30] *Id.*

2022, Defendants continued operating the restaurants even after the Court granted summary judgment on Plaintiff's breach-of-contract and trademark-infringement claims against Mr. Odetallah in Plaintiff's previous case against him.[31] This conduct demonstrates an intent to confuse or deceive customers that these restaurants were Pizza Inn franchises and to benefit from Plaintiff's goodwill and reputation.[32] The Court also finds that a disgorgement of profits is necessary to deter future misconduct and to protect the public's interest in making intentional trademark infringement unprofitable.[33] Thus, disgorgement of profits is the appropriate remedy under the Lanham Act for Defendants' trademark infringement.

Plaintiff again relies on Mr. Odetallah's sales and profit projections to calculate its requested trademark infringement damages. As to the Ponca City Restaurant, Plaintiff requests disgorgement of profits from October 12, 2022, the day after the last trademark infringement the Court previously awarded Plaintiff related to the restaurant, until

---

[31] *See Pizza Inn, Inc. v. Fawzi Odetallah*, Case No. CIV-21-00322-PRW, 2022 WL 17475784, 2022 U.S. Dist. LEXIS 219426 (W.D. Okla. Dec. 6, 2022).

[32] *Id.* at 1162 ("[B]efore awarding disgorgement of profits, courts must . . . weigh the equities to fashion a remedy that matches the harm. The district court found that the equitable factors—including [the plaintiff's] lost sales, [the defendant's] benefitting from [the plaintiff's] goodwill, and [the defendant's] deception of customers—supported awarding disgorgement of . . . profits . . . . We agree with this analysis.").

[33] *See Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 178 (3d Cir. 2005) ("[A]n accounting of the infringer's profits is available if the defendant is unjustly enriched, if the plaintiff sustained damages, or if an accounting is necessary to deter infringement. These rationales are stated disjunctively; any one will do."); see also J. Thomas McCarthy, 4 McCarthy on Trademarks and Unfair Competition § 25:31 (5th ed. 2022) ("Continued use by former franchisee, dealer or licensee of the mark constitutes a fraud on the public, since they are led to think that the continuing user is still connected with the trademark owner.").

November 14, 2023, the date the restaurant permanently closed. Regarding the McAlester Restaurant, Plaintiff requests disgorgement of profits from April 13, 2022, the date Plaintiff terminated the franchise agreement, until October 28, 2023, the date the restaurant permanently closed.

Mr. Odetallah's projections estimated that the Ponca City Restaurant would earn $102,448.00 in profits in 2022 and would earn $99,946.00 in profits in 2023. The Court agrees that Plaintiff is entitled to $21,671.65 in disgorged profits for the eleven-week period from October 12, 2022, until the end of 2022.[34] But although Plaintiff requests forty-six weeks of disgorged profits for the period from January 1, 2023, to November 14, 2023, this period is actually forty-five weeks and two days, or 45.29 weeks. Plaintiff is therefore entitled to $87,049.12 for this period. Accordingly, Plaintiff is entitled to a total of $108,720.77 in disgorged profits from the Ponca City Restaurant.

Next, Mr. Odetallah's projections estimated that the McAlester Restaurant would earn $50,969.00 in profits in 2022 and would earn $48,135.00 in profits in 2023. Again, the Court agrees that Plaintiff is entitled to $36,266.29 for the thirty-seven-week period from April 13, 2022, until the end of 2022. But because the McAlester Restaurant's trademark infringement ended on May 8, 2023, Plaintiff is entitled only to disgorged profits for the 127-day period from January 1, 2023, until May 8, 2023. Mr. Odetallah's

---

[34] Plaintiff arrived at this calculation by dividing $102,448.00 (the restaurant's projected total profits for 2022) by 52, then multiplying the result by 11.

projections indicate that the restaurant would have earned $16,791.71 during this time.[35] In total, Plaintiff is entitled to $53,058.00 in disgorged profits from the McAlester Restaurant.

### *Conclusion*

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motions for Default Judgment (Dkts. 89, 90, 91). The Court **ORDERS** that: (1) default judgment for $25,998.30 be entered against Defendant Allen's Dynamic Food, Inc. regarding Plaintiff's breach-of-contract claim; (2) default judgment for $108,720.77 be entered against Defendants Saba Mnaizel and Pizza Inn Express, LLC, regarding Plaintiff's trademark-infringement claim as to the Ponca City Restaurant, for which those Defendants shall be jointly and severally liable; and (3) default judgment for $53,058.00 be entered against Defendants Allen's Dynamic Foods, Inc., Saba Mnaizel, and Pizza Inn Express, LLC, regarding Plaintiff's trademark-infringement claim as to the McAlester Restaurant, for which those Defendants shall be jointly and severally liable. A separate judgment will issue.

**IT IS SO ORDERED** this 28th day of June 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[35] Again, the Court arrives at this calculation by dividing $48,135.00 (the restaurant's projected total profits for 2023) by 52, then multiplying the result by 18.14.