IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| PIZZA INN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00164-PRW |
| | ) | |
| ALLENS DYNAMIC FOOD, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Pizza Inn, Inc.'s Motion for Attorneys' Fees (Dkt. 111). In its Amended Complaint (Dkt. 51), Pizza Inn sued Defendants for trademark infringement, and it sought to recover for breach of contract against Defendants Fawzi (Allen) Odetallah and Allen's Dynamic Food, Inc. On June 28, 2024, the Court entered default judgment against Defendants Allen's Dynamic Food; Saba Mnaizel; and Pizza Inn, Express, LLC; leaving only Pizza Inn's claims against Odetallah. (*See* Dkt. 97). On August 1, 2024, the Court entered default judgment against Odetallah. (Dkt. 109). Pizza Inn now seeks to recover $124,524.50 in attorneys' fees against Defendants jointly and severally. But joint and several liability is inappropriate here for two reasons.

First, the fees that accrued after June 28, 2024, are solely attributable to Defendant Odetallah. Thus, the other defendants should not be responsible for fees accruing after June 28, 2024. Second, Pizza Inn did not bring a breach of contract claim against Mnaizel or Pizza Inn, Express, so they are not responsible for attorneys' fees arising from Pizza Inn's

breach of contract claims. For the reasons provided in its June 28, 2024 Order (Dkt. 96), the Court applies Texas law to Pizza Inn's breach of contract claims. When "there are multiple parties to a suit," the party moving for attorneys' fees "must generally segregate fees to reflect which party's issues required the attorney's work."[1] Segregation, however, is not required where claims are "too related to segregate . . . , but interconnected case facts alone may be an insufficient reason for failing to segregate fees."[2] Just because multiple claims are "all dependent upon the same set of facts or circumstances, . . . does not mean that they all required the same research, discovery, proof, or legal expertise."[3] Here, Pizza Inn raised breach of contract claims against Odetallah and Allen's Dynamic Food only.

Counsel for Pizza Inn has provided the hours spent pursuing this litigation, but the Court is unable to ascertain the time attributable to each Defendant. And the Court will not impose attorneys' fees jointly and severally against Defendants unless Pizza Inn shows that the claims are too related to segregate. Accordingly, the Court **ORDERS** Pizza Inn to, on or before February 3, 2025, supplement its Motion to show either (1) approximately how much time is attributable to each Defendant or (2) that the claims are too related to segregate.

---

[1] *Lopez v. Rocky Creek Partners, LLC*, 623 S.W.3d 510, 518 (Tex. App.—San Antonio 2021) (citing *Anderson Mill Mun. Util. Dist. v. Robbins*, 584 S.W.3d 463, 475 (Tex. App.—Austin 2005, no pet.)).

[2] *Id.* (citations omitted).

[3] *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 312 (Tex. 2006).

**IT IS SO ORDERED** this 13th day of January 2025.


PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE